IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN KLEIN,
525 Montgomery St. #335
Alexandria, VA 22314
(202) 804-6676

    Plaintiff,

v.                                                                                          Case No. 23-cv-845

FEDERAL BUREAU OF INVESTIGATION,
935 Pennsylvania Avenue NW
Washington, DC 20535

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Stephen Klein,[1] brings this Freedom of Information Act ("FOIA") suit to require Defendant Federal Bureau of Investigation ("FBI"), to release agency records improperly withheld from Plaintiff.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted his administrative remedies.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.    This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

---

[1] Stephen Klein is proceeding *pro se* but is a member of the District of Columbia Bar and this Court.

4. This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5. Plaintiff Stephen Klein is an attorney in Washington, DC with the law firm Barr & Klein PLLC and a resident of Alexandria, Virginia. He is an amateur historian researching crime and law enforcement in the American West in the mid-20th Century.

6. Defendant FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is a component of the United States Department of Justice ("DOJ"), which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

7. Defendant FBI is headquartered at 935 Pennsylvania Avenue NW, Washington, DC 20535.

8. Defendant FBI has possession, custody and control of the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

*The Subject of the FOIA Request: Michael Patrick Dansdill ("Dansdill Request")*

9. In 1972, Michael Patrick Dansdill was convicted of forgery in Casper, Wyoming for forging signatures onto several stolen checks. According to an affidavit in that case, an FBI handwriting expert confirmed to local law enforcement that Dansdill forged the signatures.

10. In 1973, while serving his sentence for the forgery convictions at the Wyoming State Penitentiary, Dansdill sat for several interviews with law enforcement, including agents of the Wyoming Attorney General's Office, the federal Bureau of Alcohol, Tobacco and Firearms ("ATF"), and a DOJ prosecutor with the Los Angeles Organized Crime Strike Force ("Strike Force").

11. In the interviews, Dansdill detailed an extensive criminal career—including robberies and burglaries in Wyoming, Colorado, Nevada, Utah and California—that began in the

mid 1960s. Dansdill named cohorts and customers of stolen goods, and repeatedly expressed willingness to cooperate with law enforcement.

12. Dansdill claimed that in July 1971 he stole firearms from a home near Riverside, California, transported them to Casper, Wyoming, and sold them to several persons, including some prominent Wyoming political figures. Following the interviews, Dansdill's sentence was commuted by the governor of Wyoming, and he was released on November 5, 1973.

13. The ATF and Strike Force investigated the political figures implicated by Dansdill into 1974. One of the suspects, an attorney named Ray Whitaker, raised concerns with an FBI agent stationed in Casper, Wyoming named Ray Hooper. In a phone call on May 8, 1974, Agent Hooper indicated that the FBI had investigated the alleged gun sale in 1971 and concluded it had not occurred.

14. On July 5, 1974, the *Los Angeles Times* published a story detailing a federal grand jury investigation into Wyoming led by the Strike Force, which included Dansdill's allegations about the stolen gun sale. *See* **Exhibit 1**.

15. A few days later in Wyoming, the *Casper Star Tribune* published a story that included a detailed interview with Dansdill in which he recanted the story of the stolen gun sale. *See* **Exhibit 2**.

16. Owing to Dansdill's recanting, the rest of his story has been overlooked, dismissed, or ignored. But it is history worth knowing, and the public interest in disclosure outweighs Mr. Dansdill's personal privacy interests.

17. On information and belief, the FBI kept a record of Dansdill, FBI #375-502-E, that dates to as early as 1972.

18. On information and belief, Dansdill sought to cooperate with the FBI after his release from prison in 1973.

19. On information and belief, Dansdill was apprehended in Miami, Florida by the FBI in November 1987 after escaping from the Huerfano County, Colorado sheriff's department nearly a year earlier.

20. On information and belief, Dansdill passed away on January 5, 2021, in Spokane, Washington. He is buried in the Southwest Louisiana Veterans Cemetery. **Exhibit 3**.

*The Dansdill Request*

21. On August 29, 2022, Plaintiff submitted a FOIA request through the FBI's eFOIA online portal ("The Dansdill Request"). **Exhibit 4**.

22. On September 6, 2022, the FBI responded that "the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C)." **Exhibit 5**. Plaintiff appealed the decision to the DOJ's Office of Information and Policy ("OIP") that same day.

*23.* On November 1, 2022, the OIP responded that "[t]o the extent that non-public responsive records exist, disclosure of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy." **Exhibit 6**. The response acknowledged that Klein could sue under FOIA. *Id.*

**CAUSE OF ACTION: FAILURE TO PRODUCE RECORDS**

24. The above paragraphs are incorporated herein.

25. The Dansdill Request seeks the disclosure of agency records and was properly made.

4

26. FBI is a federal agency subject to FOIA.

27. Included within the scope of the Dansdill Request are one or more records or portions of records that are not exempt under FOIA.

28. FBI has failed to produce non-exempt records or portions of records responsive to the Dansdill Request.

**PRAYER FOR RELIEF**

WHEREFORE, Stephen Klein asks the Court to:

i. Declare that the FBI has violated FOIA;

ii. Enjoin the FBI from withholding non-exempt public records in the scope of the Dansdill Request under FOIA;

iii. Award any other relief the Court considers appropriate.

Respectfully submitted,

*/s/ Stephen Klein*

Stephen R. Klein
Bar No. 177056
BARR & KLEIN PLLC
1629 K St. N.W. Ste. 300
Washington, DC 20006
Telephone: (202) 804-6676
steve@barrklein.com